UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CIT GROUP/EQUIPMENT FINANCING, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 06-3272 |
| AIRPORT SHUTTLE INC., ET AL. | * | SECTION "L"(3) |

ORDER & REASONS

Before the Court is CIT Group/Equipment Financing Inc.'s ("Plaintiff") Motion for

Summary Judgment (Rec. Doc. 14) on two Louisiana guaranty agreements.  Because the

underlying facts are not in dispute, and because a bankruptcy proceeding has no effect on the

obligations of a debtor's guarantors, the Plaintiff's motion is now GRANTED.

I.      BACKGROUND

The Plaintiff leased motor coaches to New Orleans Tours, Inc. ("Tours") pursuant to two

Master Lease Agreements, dated October 1, 1998 and June 18, 2002, respectively.  Pursuant to

the leases, Tours agreed to pay the Plaintiff certain periodic rents for the use of the motor

coaches.  Tours' obligations under the leases were guaranteed by Airport Shuttle, Inc. and

Hospitality Enterprises, Inc. ("Defendants").  *See* Pl.'s Ex. A-7 & A-8 (Rec. Doc. 14-6).

It is undisputed that Tours defaulted on both leases and filed a voluntary petition in the

United States Bankruptcy Court for the Eastern District of Louisiana on March 3, 2006 under

Title 11 of the United States Code.  It is also undisputed that the amount owed to the Plaintiff

under the October 1998 lease is $185,997.78, plus interest beginning April 1, 2009 at 7.808%,

and that the amount owed to the Plaintiff under the June 2002 lease is $1,029,881.68, plus

interest beginning May 12, 2007 at 5.872%.  On June 1, 2007, United States Bankruptcy Judge

Elizabeth Magner confirmed Tours' reorganization plan, pursuant to which the Plaintiff now

holds two Allowed Secured Claims, the first for the full amount due under the October 1998

lease ($185,997.78) and the second for a portion of the amount due under the June 2002 lease

($700,000.00).  The Plaintiff also holds an Allowed Unsecured Claim for the remaining amount

due under the June 2002 lease ($329,881.68).  Pursuant to the plan of reorganization, Tours is

only obligated to pay 20% on unsecured claims.

On June 22, 2006, the Plaintiff filed the instant lawsuit seeking to recover the amounts

due under the leases from the Defendants pursuant to the two guaranty agreements.  The Plaintiff

also seeks attorney's fees and costs as provided for in the guaranty agreements.

## II.     PRESENT MOTION

The Plaintiff has filed a motion for summary judgment on the guaranty agreements.  The

Plaintiff argues that it is entitled to judgment as a matter of law because it is undisputed that it

and Tours are parties to the leases, that Tours breached the leases, and that the Defendants

guaranteed Tours' obligations under the leases.  Moreover, the Plaintiff argues that the amounts

due under the leases are certain and undisputed, and that the ongoing Tours bankruptcy has no

effect on the Defendants' obligations under the guaranty agreements.

The Defendants do not dispute the underlying facts, but oppose the Plaintiff's motion on

the grounds that a reorganization plan has been confirmed in the Tours bankruptcy which

incorporates the Plaintiff's leases with Tours.  The Defendants contend that the Plaintiff will

recover the full amount due under both leases in the bankruptcy proceeding and thus are not

entitled to summary judgment in the instant case.  The Defendants ask the Court to stay this

matter pending resolution of the Tours bankruptcy.

III.    LAW & ANALYSIS

Rule 56(c) of the *Federal Rules of Civil Procedure* provides that summary judgment is

appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The

party that moves for summary judgment must demonstrate the absence of a genuine issue of

material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party

carries this burden, the non-moving party must then establish that specific facts exist which

indicate that a genuine issue remains for trial.  *See Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 588 (1986).  An issue is genuine if a rational trier of fact could find in favor

of the non-moving party after review of the record.  *Id.*  If the non-moving party fails to carry its

burden, summary judgment in favor of the moving party is appropriate.

As another Section of this Court recently noted, "[t]he Fifth Circuit has unequivocally

rejected the argument that a creditor's willingness to participate in the debtor's plan of

reorganization or to restructure the principal obligation as part of a bankruptcy proceeding

functions to relieve the guarantor of liability."  *JP Morgan Chase Bank, N.A. v. Casey*, No. 06-

5658, 2007 WL 763274, at \*3 (E.D. La. Mar. 8, 2007); *see also NCNB Tex. Nat'l Bank v.

Johnson*, 11 F.3d 1260, 1266 (5th Cir. 1994) ("The discharge of a debtor in reorganization

proceedings does not affect a guarantor's liability."); *United States v. Stribling Flying Serv., Inc.*, 734 F.2d 221, 222-24 (5th Cir. 1984) (collecting authorities).

The Defendants have cited no authority to the contrary.  Rather, they argue that the Plaintiff should not be allowed to proceed against them in light of the confirmed plan of reorganization in the Tours bankruptcy.  The Defendants are principally concerned that the Plaintiff may recover twice on the same debts, once from them as guarantors and once from the debtor in the bankruptcy proceeding.  However, the concept of subrogation ensures that this potentially inequitable result will not materialize.  *See* 11 U.S.C. § 509(a) ("[A]n entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment."); *see also In re Corland Corp.*, 967 F.2d 1069, 1078 (5th Cir. 1992) ("We must consider the impact of subrogation.  The Bank would have had a prepetition claim against the estate under the Corland Note.  Stephenson, as guarantor, paid the Bank the amount owed and is now subrogated to the Bank's claim.  Thus Stephenson is subrogated to the Bank's prepetition claim, and stands in the shoes of a prepetition creditor."); *In re House of Wines, Inc.*, No. 06-127, 2007 WL 1455849, at *2 (Bankr. D. D.C. May 15, 2007) ("Presumably once the creditor has received a full satisfaction, it is entitled itself to no further distribution [from the bankruptcy estate].  However, 11 U.S.C. § 509(a) subrogates a guarantor who has paid a claim to the rights of the creditor, so at that juncture, the guarantor would step into the shoes of the creditor as to the balance of payments owed on the filed proof of claim.").

**IV.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion for Summary

Judgement (Rec. Doc. 14) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff shall prepare and submit a proposed

judgment for the Court's consideration within fourteen (14) days from the date of this Order &

Reasons.  The proposed judgment shall recognize that the Defendants are entitled to a credit for

any amounts the Plaintiff has received from the debtor on the relevant leases.


New Orleans, Louisiana, this __25th__ day of July, 2007.

_____

UNITED STATES DISTRICT JUDGE