UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CIT GROUP/EQUIPMENT FINANCING, INC.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 06-3272** |
| **AIRPORT SHUTTLE INC., ET AL.** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is CIT Group/Equipment Financing, Inc.'s ("Plaintiff") Motion to Establish Amount of Attorney's Fees, Costs, and Expenses Due (Rec. Doc. 31), as contemplated by the Court's Judgment dated August 27, 2007. For the following reasons, the Plaintiff's motion is now GRANTED IN PART and DENIED IN PART such that the Plaintiff will be awarded $116,568.06 in attorney's fees, costs, and expenses.

**I.   BACKGROUND**

The facts of this case are set forth in the Court's prior Order & Reasons dated July 25, 2007, and will not be repeated here. *See CIT Group/Equipment Financing, Inc. v. Airport Shuttle Inc.*, No. 06-3272, 2007 WL 2155787 (E.D. La. July 25, 2007). For purposes of the instant motion, it will suffice to say that the Court has already granted summary judgment in favor of the Plaintiff and against the guarantor Defendants for amounts due under certain leases. The sole issue remaining in this case is the appropriate amount of attorney's fees, costs, and expenses which the Plaintiff is entitled to recover from the guarantor Defendants.

1

**II.     LAW & ANALYSIS**

In the present motion, the Plaintiff seeks to recover $116,568.06 in attorney's fees, costs, and expenses incurred both in relation to this case against the guarantor Defendants and also in relation to the principal obligor's Chapter 11 bankruptcy proceeding. In response, the Defendants argue that the Plaintiff is only entitled to recover attorney's fees, costs, and expenses incurred in relation to this case, and should not be allowed to recover attorney's fees, costs, and expenses incurred in the bankruptcy proceeding.[1]

Although the parties cite essentially no authority for their respective positions, the case law suggests that the answer to this dispute lies in the language of the guaranty agreements. *See, e.g., First Bank Southeast, N.A. v. Predco, Inc.*, 951 F.2d 842, 851-53 (7th Cir. 1992); *Stewart & Stevenson Servs., Inc. v. Superior Boat Works, Inc.*, No. 94-2332, 1996 WL 470642, at *7-8 (E.D. La. Aug. 16, 1996); *see also* La. Civ. Code Ann. art. 2000 ("If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well.").

Pursuant to the guaranty agreements in this case, the guarantor Defendants agreed "to pay on demand all sums due and to become due to [the Plaintiff] from the [principal obligor] and all losses, costs, attorneys' fees or expenses which may be suffered by [the Plaintiff] by reason of the [principal obligor's] default or default of any of the [guarantors]." *See* Pl.'s Ex. 3 & 4 (Rec. Doc. 35-3). It is beyond dispute that the attorney's fees, costs, and expenses incurred by the

---

[1] An identical issue was initially presented in a similar case involving the same Plaintiff, but it appears that the court did not have an opportunity to address the matter in that case. *See CIT Group/Equipment Financing, Inc. v. McKee*, No. 05-259, 2005 WL 3348872, at *1 & n.2 (S.D. Iowa Dec. 8, 2005).

Plaintiff in the related bankruptcy proceeding were suffered "by reason of the [principal obligor's] default" on the underlying leases.  Therefore, because the identical language of both guaranty agreements is "plain and unambiguous and leads to no absurd results," the Court finds that the Plaintiff is entitled to recover from the guarantor Defendants attorney's fees, costs, and expenses associated both with this case and with the related bankruptcy proceeding.  *See Stewart*, 1996 WL 470642, at *8.[2]

Finally, the Court concludes that the Plaintiff's requested fees, costs, and expenses are reasonable.  The Plaintiff has submitted contemporaneous time and billing records demonstrating that it has incurred $113,936.25 in attorney's fees and $2,631.81 in costs and expenses associated with this matter though July 31, 2007, for a total of $116,568.06.  The Court has thoroughly reviewed these submissions and finds that the requested fees and costs are reasonable.  *See, e.g., Gibson v. Burns*, 505 So. 2d 66, 69 (La. Ct. App. 1987) ("Article 2000 authorizes a valid contract for attorney fees and the courts should not interfere with that contract unless there is a 'clearly excessive fee' involved.").  In its motion, however, the Plaintiff also seeks to reserve the right to seek additional fees and costs incurred after July 31, 2007.  The Court finds that any additional fees and costs incurred since this date would be negligible, and in the interest of finality the Court will not allow any additional fees or costs to be recovered.

---

[2] The Court also notes that the underlying leases in this case provide that the Plaintiff is entitled to payment by the principal obligor of attorneys' fees incurred as a result of enforcing its rights under the leases.  *See* Pl.'s Ex. 1 & 2 (Rec. Doc. 35-2).  Thus, given these provisions and the breadth of the guaranty agreements, there can be no doubt that the guarantor Defendants "also guaranteed the attorney fee obligation." *Amerisourcebergen Drug Corp. v. Meier*, No. 03-6769, 2004 WL 2900702, at *11 (E.D. Pa. Dec. 14, 2004).

## III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Establish Amount of Attorney's Fees, Costs, and Expenses Due (Rec. Doc. 31) is GRANTED IN PART and DENIED IN PART such that the Plaintiff is entitled to recover $116,568.06 in attorney's fees, costs, and expenses from the guarantor Defendants.

New Orleans, Louisiana, this 11th day of February, 2008.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE